Ms. Didi Sallings, Executive Director Arkansas Public Defender Commission 101 East Capitol, Suite 201 Little Rock. Arkansas 72201
Dear Ms. Sallings:
This is in response to your request for an opinion regarding A.C.A. § 16-87-111 (Cum. Supp. 1993), which authorizes counties to adopt an ordinance assessing additional court costs in order to provide funds for the payment of investigators for public defenders. That statute, in pertinent part, provides:
 (a) In any county having a public defender, the public defender may employ an investigator to help him in carrying out his duties.
 (b) The quorum court in any such county may adopt an ordinance assessing additional court costs in order to provide funds for the payment of the said public defender's investigator, and the quorum court shall set the salary or the rate of pay for the investigator.
* * * *
 (2) The court cost shall not exceed the sum of four dollars ($4.00).
* * * *
 (4) The quorum court may appropriate any funds collected from the court cost provided for in this section in excess of those needed for the investigator to pay salaries and expenses of the office of the public defender.
 (c) The investigator may be employed as an independent contractor or may be employed as an employee of the county at the discretion of the quorum court. [Emphasis added.]
In your correspondence, you specifically reference subparagraph (b)(4) of A.C.A. § 16-87-111, as set forth above, and pose the following question:
 May a trial public defender's office of an individual county use the excess funds from the investigator resources to enhance the trial public defender's or his staff's salaries?
As an initial matter, it should be noted that A.C.A. § 16-87-111 predates Act 1193 of 1993, which is commonly referred to as the new public defender law and codified as A.C.A. §§ 16-87-201 to -214 (Cum. Supp. 1993). That act placed an obligation on all counties to implement a "public defender system" and created the Arkansas Public Defender Commission, which has the authority to determine whether each county has, in fact, a "public defender system" that is in compliance with the policies and standards adopted by the commission pursuant to Act 1193. See Ark. Acts 1993, No. 1193, § 16 (codified as A.C.A. § 16-87-206(f)). It does not appear, however, that § 16-87-111, nor any of the other statutes on public defenders (codified at A.C.A. §§ 16-87-101 to 112) which existed prior to the enactment of Act 1193, were repealed by the 1993 legislation.[1] This determination is based, in part, on a specific reference in Act 1193 of 1993 to the existing legislation; in this regard, section 15(c) of the act (codified as A.C.A. § 14-20-102(c) (Cum. Supp. 1993)) states:
 In any county where a public defender commission has been established under §§ 16-87-101—16-87-111, the amount to be paid for attorney fees, investigative costs, and other costs under subdivision (a)(1) of this section shall be determined in a manner prescribed by the quorum court acting with the advisory resolution of the public defender commission.[2]
Additionally, with respect to § 16-87-111 specifically, this office has previously opined that Act 1193 of 1993 "does not appear to affect the $4.00 fee counties may have imposed pursuant to A.C.A. § 16-87-111," and, accordingly, "counties need not reenact any ordinances passed pursuant to this Code section in order to retain the effectiveness of such an ordinance after the passage of Act 1193." See Op. Att'y Gen. No. 93-123 at 3. As also stated in that opinion, the $4.00 fee authorized by A.C.A. § 16-87-111 is apparently one of the "other costs and fees provided by law" mentioned in Section 15 of Act 1193. Id. at 2. Thus, it would appear that § 16-87-111 is still good law, and quorum courts, whether in a county that has a "public defender commission" that was created pursuant to A.C.A. § 16-87-104 and qualifies today as a "public defender system" under the guidelines of the Arkansas Public Defender Commission or in a county that has a Commission-approved "public defender system" that was created after the passage of Act 1193, may adopt an ordinance assessing an additional court cost in order to provide funds for an investigator, as provided in § 16-87-111.[3]
With respect to your question, the relevant portion of A.C.A. § 16-87-111 is subparagraph (b)(4), which is set forth on page 2 of this opinion and which provides that, if there are any funds in excess of the amount needed for the investigator, the quorum court may appropriate such excess funds to pay salaries and office expenses of the public defender. In my opinion, this provision would not allow a trial public defender to use the excess funds to "enhance" (which I interpret to mean an increase in salary) his or his staff's salaries. It would appear that it is the quorum courts which set the rate of pay for the public defender and his staff,[4] and thus those salaries could not be exceeded unless the quorum courts changed the rate of pay; in that instance, the money necessary for the increased salaries could be appropriated by the quorum courts, using the excess funds derived from the fee authorized in § 16-87-111.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH cyh
[1] Under the legislation regarding public defenders (found at A.C.A. §§ 16-87-101 to -112) which existed at the time Act 1193 of 1993 was enacted. "public defender commissions" were created when a majority of the legislators in a judicial district petitioned the governor to create such a commission in that district. See A.C.A. § 16-87-104 (Cum. Supp. 1993). A "public defender commission" was composed of the county judge or judges of the judicial district and the circuit judge or judges of the judicial district. Id. Once created, a "public defender commission" would appoint a public defender for a term of two years. A.C.A. § 16-87-105 (Cum. Supp. 1993). The maximum salaries and expenses of a public defender's office would be established by the "public defender commission," and the salaries and expenses of the office would be paid by the counties in the judicial district in the amounts prescribed by the quorum courts of the counties. A.C.A. §§ 16-87-107 (a) (b) (Cum. Supp. 1993). As it appears that the General Assembly did not intend to repeal these statutes which predate Act 1193, presumably a "public defender commission" created pursuant to A.C.A. § 16-87-104 could qualify as a "public defender system" under Act 1193 of 1993 if the Arkansas Public Defender Commission determined that the commission was in compliance with the policies and standards promulgated by the Commission under Act 1193.
[2] Subparagraph (a)(1) of Section 15 of Act 1193 (codified as A.C.A. § 14-20-102(a)(1)), as referred to in this provision, provides:
 There is hereby created on the books of the treasurer of each county in the state a fund to be used for the purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the representation of persons against whom involuntary admissions procedures for mental health or alcohol narcotic commitments or criminal commitments have been brought, and for representation in civil and criminal matters of persons deemed incompetent by the court due to minority or mental incapacity, which have been brought in any circuit courts, chancery courts, juvenile courts, probate courts, city or county division of municipal courts including, but not limited to, investigative expenses, expert witness fees, and legal fees.
[3] With respect to the employment of investigators, Section 4 of Act 1193 of 1993 provides that a trial public defender may employ assistants, investigators and other staff within the budget prescribed by the quorum courts of the counties they serve; the counties served by the public defenders shall bear the costs of these and other expenses.
[4] See Section 4 of Act 1193 of 1993 (trial public defenders may employ investigators and staff within budget prescribed by quorum court): Section 15(c) of Act 1193 of 1993 (providing in county where a public defender commission was established under §§ 16-87-101 to -111, amount to paid for attorney fees, investigative costs, and costs described in subsection (a)(1) shall be determined in manner prescribed by quorum court, acting with advisory resolution of public defender commission).